1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS HILL,                                  )         No. C 15-2020 RMW (PR)
                                              )
            Plaintiff,                        )         ORDER OF DISMISSAL
                                              )         WITH LEAVE TO AMEND
   v.                                         )
                                              )
R. SANDOVAL, et al.,                          )
                                              )
            Defendants.                       )
_____)

        Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint

pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed in forma pauperis in a

separate order.  For the reasons stated below, the court dismisses the complaint with leave to

amend.

**DISCUSSION**

A.      Standard of Review

        A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C.

§ 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  See Balistreri v.

Order of Dismissal with Leave to Amend
P:\PRO-SE\RMW\CR.15\Hill020dwla.wpd

1   Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

2          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4   the alleged violation was committed by a person acting under the color of state law.  See West v.

5   Atkins, 487 U.S. 42, 48 (1988).

6   B.    Legal Claims

7          Plaintiff claims that on June 12, 2014, his supervisor, defendant R. Sandoval, ordered

8   plaintiff to get on a portable ladder as part of a work task.  Plaintiff climbed the ladder, and at

9   some point, fell and suffered a serious injury to his lower back, neck, and left ankle.  Plaintiff

10  was transported to the hospital and was under medical care.  Thirteen days after plaintiff was

11  injured, he was provided with "portable ladder safety training."  Plaintiff alleges that R.

12  Sandoval violated the Eighth Amendment by neglecting his supervisory duties and responsibility

13  to plaintiff by failing to properly train him prior to the fall.

14         Plaintiff filed an administrative appeal requesting compensation for the injuries suffered,

15  as well as training prior to being directed to perform an assignment.  Plaintiff also requested

16  additional time to heal from his injuries before going back to work.  Plaintiff alleges that

17  defendants D. Artis, Greg Sheffield, and V. Rasco violated the Eighth Amendment when they

18  denied his appeals.

19         Finally, plaintiff alleges the defendant Dr. Bright was deliberately indifferent to his

20  serious medical needs.  Plaintiff had lower back, neck, and ankle pain.  He told Dr. Bright that

21  the pain pills were not working.  Plaintiff alleges that Dr. Bright denied him medical treatment,

22  the right to be seen by a specialist, and any kind of pain relief.

23         Plaintiff's claim of deliberate indifference against R. Sandoval is DISMISSED with leave

24  to amend.  The Eighth Amendment requires that prison officials take reasonable measures to

25  guarantee the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  To state an

26  Eighth Amendment violation, two requirements are met: (1) the deprivation alleged is,

27  objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately

28  indifferent to inmate health or safety.  Id. at 834.  Neither negligence nor gross negligence will

1   constitute deliberate indifference.  See id. at 835-36 & n.4.  A prison official cannot be held

2   liable under the Eighth Amendment for denying an inmate humane conditions of confinement

3   unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an

4   excessive risk to inmate health or safety by failing to take reasonable steps to abate it.  See id. at

5   837.  The official must both be aware of facts from which the inference could be drawn that a

6   substantial risk of serious harm exists, and he must also draw the inference.  See id.  Here,

7   plaintiff's allegation as pled amounts to no more than a claim that R. Sandoval was negligent.

8   However, if plaintiff believes in good faith that he can support his claim with sufficient facts to

9   establish a deliberate indifference claim, he may amend his complaint to do so.

10          Plaintiff's deliberate indifference claim against defendants D. Artis, Greg Sheffield, and

11   V. Rasco are DISMISSED with leave to amend.  Plaintiff allegations that they denied his

12   requests for compensation for the injuries suffered, training prior to being directed to perform an

13   assignment, and additional time to heal from his injuries before going back to work do not state a

14   cognizable claim for relief under the Eighth Amendment.  As previously stated, a prison official

15   violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must

16   be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable

17   state of mind.  See Farmer, 511 U.S. at 834.  Here, plaintiff has not sufficiently alleged facts to

18   "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S.

19   544, 553-56 (2007).  To state a claim that is plausible on its face, a plaintiff must allege facts that

20   "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct

21   alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  If plaintiff believes he can state a

22   cognizable claim for relief against these defendants, he may amend his complaint to do so.

23          Plaintiff's deliberate indifference claim against Dr. Bright is also DISMISSED with leave

24   to amend.  Plaintiff alleges that Dr. Bright denied him the right to be seen by a specialist, and

25   denied plaintiff any pain relief.  However, plaintiff has not proffered any facts leading to an

26   inference that Dr. Bright was aware that refusing plaintiff's requests was an excessive risk to

27   plaintiff's health or that plaintiff was faced with a substantial risk of serious harm if Dr. Bright

28   did not act in the manner plaintiff wanted.  Here, plaintiff's allegation against Dr. Bright as pled

1  amounts to no more than a claim that Dr. Bright was negligent.  However, if plaintiff believes in

2  good faith that he can support his claim with sufficient facts to establish a deliberate indifference

3  claim, he may amend his complaint to do so.

4  **CONCLUSION**

5  For the foregoing reasons, the court hereby orders as follows:

6  1.  Plaintiff's complaint is DISMISSED with leave to amend if he can cure the above

7  deficiencies in good faith.

8  2.  If plaintiff can cure the pleading deficiencies described above, he shall file an

9  AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended

10  complaint must include the caption and civil case number used in this order (C 15-2020 RMW

11  (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must

12  indicate which specific, named defendant(s) was involved in each cause of action, what each

13  defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.

14  Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an

15  amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that

16  demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an**

17  **amended complaint within thirty days and in accordance with this order will result in the**

18  **dismissal of the case and a finding that further leave to amend would be futile.**

19  3.  Plaintiff is advised that an amended complaint supersedes the original complaint.

20  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

21  in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

22  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.

23  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

24  4.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

25  court informed of any change of address by filing a separate paper with the clerk headed "Notice

26  of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

27  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

28  of Civil Procedure 41(b).

1    IT IS SO ORDERED.

2    DATED:  9/22/2015

                                    RONALD M. WHYTE
3                                   United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal with Leave to Amend
P:\PRO-SE\RMW\CR.15\Hill020dwla.wpd              5